UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZINIA EZZET BOUTROS,<br><br>                          Plaintiff,<br><br>v.<br><br>UPS, et al,<br><br>                          Defendants. | Case No.: 3:18-cv-02388-H-WVG<br><br>**ORDER DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**<br><br>[Doc. No. 32] |

On October 18, 2018, Plaintiff Zinia Ezzet Boutros, proceeding pro se, paid the filing fee and filed a 500-page complaint against numerous Defendants. (Doc. No. 1, Compl.) On October 22, 2018, the Court dismissed Plaintiff's complaint for failing to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement, among other failures. (Doc. No. 3.) In the order, the Court granted Plaintiff leave to file an amended complaint by November 8, 2018. (Id. at 2.)

On November 9, 2018, the Court granted Plaintiff's motion for an extension of time, and the Court extended the deadline for Plaintiff to file her amended complaint to November 16, 2018. (Doc. No. 7.) November 16, 2018 passed without the Court receiving an amended complaint or other any other filing from Plaintiff, and the case remained closed. On March 4 and 7, 2022, Plaintiff filed several motions, including a motion to reopen the case, along with a proposed 895-page amended complaint. (Doc. Nos. 11-16, 23.) The Court declined to reopen the case and denied Plaintiff's other motions as moot.

(Doc. No. 25.)  On March 28, 2022, Plaintiff filed more motions, including a motion to reopen the case and a 548-page document entitled "Summary, Plot/Damages and Accusations."  (Doc. No. 26.)  The Court declined to reopen the case and denied Plaintiff's other motions as moot.  (Doc. No. 27.)

On May 5, 2025, Plaintiff filed another motion to reopen the case.  (Doc. No. 28.)  Plaintiff also requested that counsel be appointed.  (Id.)  On June 5, 2025, the Court declined to reopen the case and denied Plaintiff's other motion as moot.  (Doc. No. 30.)  In its order, the Court stated that if Plaintiff wishes to file the proposed complaint, she must do so by filing it as a complaint in a new civil action.  (Id.)  On June 17, 2025, Plaintiff filed a "reply" to the Court's June 5, 2025 order, requesting that if she files her complaint in a new civil action that she be permitted to do so electronically.  (Doc. No. 31.)  She also filed a motion for leave to electronically file documents, listing the case number for the present case, which is closed.  (Doc. No. 32.)

The local rules of this district set forth certain requirements for the use of the Court's Electronic Filing System ("ECF") and refer to the Court's ECF Administrative Policies and Procedures Manual.  See L.R. 5.4.  The ECF Administrative Policies and Procedures Manual states as follows: "Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form."  ECF Administrative Policies and Procedures Manual at 8.  "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so[.]"  Id.  "A pro se party must seek leave to electronically file documents in each case filed."  Id.  See also Representing Yourself in Federal Court (Pro Se), UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, https://www.casd.uscourts.gov/ProSe/Prose-FilingInfo.aspx (last visited June 23, 2025) ("If you do not have an attorney and are representing yourself, you must open your case by mail or in person. However, after your case is opened and you want to request to file electronically over the Internet ("efile"), you must file a motion.").

As previously stated, if Plaintiff wishes to file the proposed complaint, she must do so by filing it as a complaint in a new civil action.  Under the Local Rules and the Court's ECF Administrative Policies and Procedures, as a pro se litigant, Plaintiff must open her new case by mail or in person.  After doing so, if she still seeks permission to file documents in that case electronically, she may request it by filing a motion in the new case.

Accordingly, the Court denies Plaintiff's motion for leave to electronically file documents (Doc. No. 32).  This case remains closed.

**IT IS SO ORDERED.**

DATED: June 23, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT